<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| S.R., | : | **Civil Action No. 25-14139 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff S.R. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's 2018 application for disability insurance benefits and supplemental security income, alleging disability beginning January 2, 2014. A hearing was held before ALJ Frederick Timm (the "ALJ") on April 17, 2024, and the ALJ issued an unfavorable decision on August 16, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of August 16, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform work at the sedentary level, with certain additional exertional and nonexertional limitations.  At step four, the ALJ also found that Plaintiff had no past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal: 1) at step four, the ALJ failed to properly evaluate the consistency of the opinions of the treating medical sources; and 2) at step four, the RFC limitation regarding turning the head is neither adequately explained nor supported by Dr. Cornejo's opinion.

Plaintiff first argues that the ALJ failed to "properly consider consistency among Plaintiff's treating opinions," citing the consistency requirement in 20 C.F.R. § 404.1520c(c)(2).  (Pl.'s Br. at 10.)  Plaintiff contends:

> [T]he ALJ rejected opinions from Drs. Moore and Zaatreh, Plaintiff's treating physicians, and PA Caballero, Plaintiff's treating PA.  There were several aspects of these opinions that were consistent with each other that the ALJ did not consider.

(Pl.'s Br. at 11.)  Plaintiff then points out that, although Dr. Moore and PA Caballero made entirely different assessments of the claimant's ability to sit, stand, and walk, those assessments were consistent in that neither treating source believed that the claimant could meet the requirements for sedentary work in those areas.  (Id.)  Plaintiff has here sifted through the

2

evidence of record to find a way to perceive one point of consistency between two very different opinions. The fact that the ALJ did not mention this point in the decision does not speak to the question of whether the ALJ properly considered consistency as required by 20 C.F.R. § 404.1520c(c)(2).

Next, Plaintiff contends that "[t]he ALJ erred in failing to discuss the factor of consistency with respect to these opinions." (Pl.'s Br. at 12.) This is followed by three paragraphs which do not develop Plaintiff's thesis that the ALJ erred by failing to comply with the consistency requirement in 20 C.F.R. § 404.1520c(c)(2). Plaintiff has contended that the ALJ did not properly analyze the opinions of Drs. Moore and Zaatreh, and PA Caballero, as required by 20 C.F.R. § 404.1520c(c)(2), but has not offered any discussion of what the ALJ did write as to each of these sources, or what was overlooked, or whether the Third Circuit standard set forth in Zaborowski v. Comm'r of Soc. Sec.,[1] 115 F.4th 637, 639 (3d Cir. 2024), was met. The bottom line is that Plaintiff has offered the Court a general idea for an argument but has left many blanks for the Court to fill in. As the First Circuit has held:

> Perhaps more important, we see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (citations omitted). Plaintiff has failed to spell out the consistency argument squarely and distinctly.

---

[1] Zaborowski is the key Third Circuit case on the application of the supportability and consistency factors required by 20 C.F.R. § 404.1520c(b)(2). Id.

Plaintiff's second argument, however, succeeds.  In short, Plaintiff challenges the adequacy of the support for this portion of the residual functional capacity determination: "can frequently but not constantly able to turn her head to the sides and turn or twist her back to the sides." (Tr. 27.)  Plaintiff contends that the ALJ's explanation of the basis for this limitation in the evidence of record both does not make sense and is not supported by substantial evidence. This Court agrees.

The first mention of the capacity to turn the neck appears at the end of the discussion of the opinions of the state agency physicians.  The assessment of state agency physician Dr. Shahinian says nothing about turning the head, neck, or back (Tr. 203-205); the same is true of the reconsideration assessment of Dr. Simpkins.  (Tr. 235-238.)  The ALJ found their opinions "mostly persuasive," but continued as follows:

> However, based on the claimant's seizure disorder, it is necessary to further limit her exposure to sunlight, flashing, and strobe lights. Additionally, considering the claimant's car accident and slight abnormalities in the cervical and lumbar region (see Exhibits 8F; 17F; 3lF), she can only frequently turn her neck and back.
>
> Consideration has been given to the opinion of Juan Carlos Cornejo, D.O. who opined that the claimant would have difficulty with bending and turning her neck and back. She would have difficulty with prolonged walking and standing and would require a walker for long distances. She would have difficulty bending, kneeling, crouching, and crawling. However, she would be able to sedentary activity with needed breaks. She would be able to sit for a reasonable amount time with needed breaks. She would be able to handle fine and small sized objects. She has no significant limitations to fingering such as picking and pinching objects (Exhibit 12F). Even though Dr. Cornejo supported his opinion by providing a narrative report, this opinion is not considered persuasive beyond limiting the claimant to sedentary work, as it is based upon a one-time examination and is not consistent with the overall evidence of record, including the statement from the claimant's treating physician at Exhibit 13F. The claimant was observed not utilizing a walker to ambulate as reflected throughout most of the record (e.g. Exhibits 2F /6, 10, 16;3F/20;5F/39;7F/10,21,32,46,57, 73,89; 9F/18; 21F/10;23F/17,37,55, 74,93, 114,128, 154; 28F/16; 36F/6, 9, 12, 23, 26, 29). Finally, the undersigned has accommodated Dr. Cornejo's limitation regarding

4

bending and turning her head and back by providing the claimant can do these activities frequently, but not constantly.

(Tr. 34.)

As the quote just presented shows, the ALJ introduced the limitation to frequently turning the neck and back to supplement the findings of the state agency physicians. Unfortunately, in that paragraph, the ALJ provides only a brief conclusory statement with a citation to three collections of medical records (8F, 17F, and 31F), which total 207 pages. The Commissioner's opposition brief provides no insight into the basis for this conclusory statement. Thus, the ALJ's first assertion of a limitation to frequently turning the neck and back is not amenable to meaningful review, since neither the ALJ nor the Commissioner has explained what evidence in those 207 pages of the record supports it.[2] See Burnett v. Comm'r of SSA, 220 F.3d 112, 119 (3d Cir. 2000) ("We agree with Burnett the ALJ's conclusory statement in this case is similarly beyond meaningful judicial review.")

The paragraph that follows, however, contains sufficient explanation to be amenable to meaningful judicial review, as required by Burnett. In this paragraph, in short, the ALJ cited the opinion of consultant Dr. Cornejo. As the ALJ stated, Dr. Cornejo opined that the claimant would have difficulty with bending and turning her neck and back. (Tr. 1339.) The ALJ also

---

[2] The Third Circuit has stated:

It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). The Commissioner has failed to follow the Third Circuit's clear instructions.

5

makes an oblique reference to the opinion of Dr. Moore in Exhibit 13F, a three-page evaluation form with no express statement about capacity or incapacity for turning the neck and back.  (Tr. 1343-1346.)  As just quoted, the ALJ then stated: "the undersigned has accommodated Dr. Cornejo's limitation regarding bending and turning her head and back by providing the claimant can do these activities frequently, but not constantly."  (Tr. 34.)

The Court is thus presented with this narrow question: does the medical expert's opinion that claimant "would have difficulty with bending and turning her neck and back" constitute substantial evidence in support of this limitation: "can frequently but not constantly able to turn her head to the sides and turn or twist her back to the sides"?

Plaintiff argues that the ALJ did not explain how Dr. Cornejo's opinion supported the limitation as formulated.  The Commissioner's opposition brief says only this on the subject: the ALJ "did not fully accept Dr. Cornejo's limitation, but he accounted for it to some extent." (Def.'s Opp. Br. at 8.)  The Court finds that neither the ALJ nor the Commissioner's opposition brief persuades that Dr. Cornejo's opinion substantially supports the RFC formulation as to turning the neck.  Despite the claims that Dr. Cornejo's opinion has been "accommodated" and "accounted for it to some extent," the Court finds that the requirements of the substantial evidence standard have not been met.  The Supreme Court has stated that "substantial evidence" "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quoting Consolidated Edison, 305 U. S. 197, 229 (1938)).  The analysis here boils down to this question: can medical opinion evidence of a greater level of impairment, by itself, constitute substantial

6

evidence supporting a determination of a lesser level of impairment?[3]  If the answer to this question is "yes," it makes medical opinions about impairment meaningless at step four.  The answer must be "no:" a physician's opinion of an impaired level of functioning cannot, by itself, be adequate to a reasonable mind to support a conclusion of a less-impaired level of functioning.  The phrases "accommodated" and "accounted for it to some extent" do not persuade the Court that Dr. Cornejo's opinion that Plaintiff has difficulty turning her neck constitutes substantial evidence of a capacity to frequently turn the neck.

The next question is whether Plaintiff has carried her burden of proof, under Shinseki, that this error is harmful.  Plaintiff argues: "the VE's testimony that a limitation to occasional, rather than frequent, neck turning would result in no jobs, was obviously outcome-determinative and harmful."  (Pl.'s Br. at 15.)  The Commissioner does not dispute this, and the hearing transcript shows that the vocational expert testified exactly as Plaintiff contends.  (Tr. 80-81.)  Thus, Plaintiff is correct that the determination that the claimant can turn her head frequently, rather than occasionally, was outcome-determinative here, and the error was therefore material and prejudicial.

Plaintiff has succeeded in persuading the Court that the ALJ erred in the decision, and that she was harmed by the error.  Plaintiff has demonstrated that the RFC limitation to frequently turning the neck and back is not supported by substantial evidence, and that this was a material and prejudicial error, as required by Shinseki.  This Court finds that the Commissioner's decision is not supported by substantial evidence and is vacated and remanded to the

---

[3] The Court understands "difficulty turning the neck" to be a greater level of impairment than that reflected in "can frequently turn the neck."  A person who is said to have difficulty turning the neck cannot, under the ordinary meaning of these words, frequently turn the neck.

Commissioner for further proceedings in conformity with this Opinion.


                                                    s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.

Dated: July 24, 2026